**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DUSTIN MATTHEWS,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF TEMPE; Ms. ADRIANNE WARD; Ms. JENNIFER CURTISS; Mr. MARCOS ROMERO; ALEXIS ALLEN,<br><br>      Defendants - Appellees. | No. 23-2976<br><br>D.C. No.<br>2:22-cv-00407-SPL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted June 18, 2025[**]

Before:    CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

    Dustin Matthews appeals pro se from the district court's summary judgment

in his employment action alleging federal and state law claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hawn v. Exec. Jet*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Matthews's discrimination claims because Matthews failed to raise a genuine dispute of material fact as to whether similarly situated employees not of his protected class were treated more favorably. *See Hawn*, 615 F.3d at 1156 (setting forth the elements of a prima facie case of discrimination under Title VII); *see also Ballou v. McElvain*, 29 F.4th 413, 422 (9th Cir. 2022) (setting forth the elements of a prima facie case of discrimination under the Equal Protection Clause); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) ("[I[ndividuals are similarly situated when they have similar jobs and display similar conduct.").

The district court properly granted summary judgment on Matthews's Title VII retaliation claim because Matthews failed to raise a triable dispute as to whether defendants' legitimate, nondiscriminatory reasons for their actions were pretextual. *See Vasquez*, 349 F.3d at 642 (stating that circumstantial evidence of pretext must be specific and substantial); *see also Kama v. Mayorkas*, 107 F.4th 1054, 1061 (9th Cir. 2024) ("When there are equally likely causes of Plaintiff's termination that arise during the same period, temporal proximity does not establish that unlawful discrimination more likely than not motivated the

employer." (alteration, citation, and internal quotation marks omitted)).

Summary judgment on Matthews's First Amendment retaliation claim was proper because Matthews failed to raise a triable dispute as to whether he engaged in protected speech under the First Amendment. *See Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003) (explaining type of speech that is protected under the First Amendment).

The district court properly granted summary judgment on Matthews's negligent infliction of emotional distress claim because Matthews failed to raise a triable dispute as to whether he suffered a physical injury, a long-term physical illness, or mental disturbance. *See Monaco v. HealthPartners of S. Ariz.*, 995 P.2d 735, 738-39 (Ariz. Ct. App. 1999) (setting forth the bodily harm requirement for a negligent infliction of emotional distress claim); *see also Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (explaining that a district court is within its discretion to grant summary judgment on a claim so long as plaintiff was on notice that the claim was at issue).

The district court did not abuse its discretion in rejecting Matthews's evidentiary objections. *See Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004) (setting forth standard of review for a district court's evidentiary rulings); *United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991) (explaining that a statement offered to show the effect on the listener is not hearsay).

The district court did not abuse its discretion in denying Matthews's motion for relief from judgment because Matthews failed to set forth any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for a motion under Federal Rule of Civil Procedure 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**